MARK TOWNSEND, DEFENDANT IN ERROR, v. ATLANTIC CITY AND ATLANTIC CITY PRODUCT COMPANY, PLAINTIFFS IN ERROR.

Argued June 26, 1905—Decided June 18, 1906.

The governing body of a city can legally enter into a contract for the disposal of garbage only on complying with the proviso of the Garbage act, approved March 27th, 1902. *Pamph. L.*, *p.* 200.

On error to the Supreme Court.

For the defendant in error, *George A. Bourgeois*.

For the plaintiffs in error, *John C. Reed* and *Thompson & Cole*.

The court, having conferred upon this case and reached a conclusion therein, requested Mr. Justice Dixon to prepare an opinion. The following was prepared and copies distributed by him among the members of the court shortly before his death. It has been approved and adopted as the opinion of the court:

DIXON, J. The *certiorari* in this case brought before the Supreme Court an ordinance passed by the council of Atlantic City on July 25th, 1904, directing the mayor and clerk to execute a contract with the Atlantic City Product Company for the destruction of garbage and small dead animals found within the city during one year from the date of the contract, at a cost to the city of $20,300. The Supreme Court annulled this ordinance because a sufficient appropriation to meet the expense had not previously been made.

In reaching this decision, the Supreme Court seems to have overlooked the Garbage act of March 27th, 1902. *Pamph. L.*, *p.* 200. That act declares that the common council, &c., of any city may make a contract, not exceeding the term of five

years at a time, for the collection or removal of ashes, and the collection, removal and disposal of garbage, and during the continuance of such contract shall annually raise by taxation the sum needed to defray the expense thereof for the next fiscal year.

Evidently this statute dispensed with the necessity of a prior appropriation sufficient to discharge the obligation incurred by a contract falling within its purview. The sum required could be raised during the continuance of the contract.

But by the proviso of the statute it is enacted that such contracts shall be entered into only after bids therefor have been advertised for in one or more city newspapers for at least two weeks prior thereto. Lack of such advertisement was assigned by the prosecutor of the *certiorari* as a reason for invalidating the ordinance, and it being conceded that no advertisement was made, the judgment setting aside the ordinance was justified.

It is suggested on behalf of the defendants that this statute does not apply to Atlantic City, because the city was organized under a later act, approved April 3d, 1902 (*Pamph L., p.* 284), by the fourteenth section of which the council is empowered to pass ordinances providing for the collection and disposition of offal, garbage, waste and all refuse matter.

We perceive no incongruity between these statutes. Read together, their meaning is that the council may by ordinance adopt any reasonable means for disposing of the offensive material mentioned, but if a contract is the method provided, then compliance with the Garbage act is essential to legality.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, PITNEY, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.